IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Rishard Lewis Geter, ) | |
| ) | Civil Action No.: 7:21-cv-00290-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| R. Keith Kelly, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Rishard Lewis Geter, a state pretrial detainee who is proceeding *pro se*,[1] brought this action against South Carolina Circuit Court Judge R. Keith Kelly under 42 U.S.C. § 1983. (*See* ECF No. 1.) This matter is before the court upon review of the Report and Recommendation issued by the Magistrate Judge in April 2021 ("Report"). (ECF No. 9.) The Report recommended the court dismiss this case because judicial immunity bars the instant suit, or, alternatively, because the court should abstain under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). (*Id.* at 7.) No party has objected to the Report. For the reasons set forth below, the court **ACCEPTS** the Report and adopts its findings herein (ECF No. 9) and **DISMISSES** the instant case with prejudice.

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. Plaintiff was charged with murder and possessing a weapon during

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

a violent crime. (ECF No. 9 at 1-2.) Since being arrested, Plaintiff complains that Judge Kelly has denied bail repeatedly due to Plaintiff's criminal history. (*Id.* at 2.) Plaintiff further insists "Judge Kelly has denied multiple motions for a speedy trial, using COVID-19 as an excuse." (*Id.*) Plaintiffs maintains that these actions violated various of his constitutional rights. (*Id.*)

The Magistrate Judge issued the Report in April 2021, suggesting this case be dismissed based upon either *Younger* abstention or judicial immunity. (*Id.* at 7.) The Magistrate Judge began by outlining the test under *Younger*, which examines whether "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." (*Id.* (quoting *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994)).) The Magistrate Judge then concluded these elements were satisfied because, first, "Plaintiff is plainly involved in ongoing state proceedings"; second, states have a powerful interest in administering their criminal justice systems without federal interference; and third, "Plaintiff can address his claims in his pending criminal proceedings." (ECF No. 9 at 4-5.) Nor, the Magistrate Judge continued, had Plaintiff "shown the type of extreme misconduct of extraordinary circumstances that would warrant federal interference in a pending state criminal case." (*Id.* at 5.) The Magistrate Judge further noted the relief sought—here, a writ of mandamus—was inappropriate in the instant case. (*Id.* at 6.)

The Magistrate Judge then emphasized "that judges have absolute immunity for their judicial actions, including decisions regarding bail." (*Id.* (citations omitted).) Such immunity, the Magistrate Judge explained, "is a protection from suit, not just damages." (*Id.* at 6-7.) The Magistrate Judge therefore determined "Plaintiff's clams against Judge Kelly for his judicial actions during the course of Plaintiff's underlying criminal matter are barred under the doctrine of

judicial immunity and subject to summary dismissal." (*Id.* at 7.) Lastly, the Magistrate Judge noted "that claims against judges for their judicial actions lack any basis in fact or law and are therefore frivolous." (*Id.* (citing *Garner v. Cohen*, No. 2:16-cv-561-TLW-MGB, 2016 WL 9175627, at *4-5 (D.S.C. Sept. 1, 2016), *adopted*, 2017 WL 2645754 (D.S.C. June 20, 2017)).)

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Id.* at 315 (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Here, no party has objected to the Report and the court discerns no clear error on the face of the record. The court has carefully examined the findings within the Report and concludes this case shall be dismissed for the reasons delineated in the Report. In particular, the court concludes Judge Kelly is protected from suit on the basis of judicial immunity.[2] Alternatively, *Younger*

---

[2] As noted by the Magistrate Judge, "[d]ismissal with prejudice is proper under § 1915 where claims against a judge are barred by the doctrine of judicial immunity and therefore frivolous."

3

abstention bars this court's interference in the instant matter. Thus, as discussed, the court **ACCEPTS** the Report and adopts the findings herein (ECF No. 9) and **DISMISSES** this case with prejudice.

**IT IS SO ORDERED**.

United States District Judge

April 30, 2021
Columbia, South Carolina

---

(ECF No. 9 at 7 (citing *Mills v. Marchant*, No. 8:19-cv-1512-TMC-JDA, 2019 WL 2647600, at *2–3 (D.S.C. June 4, 2019), *adopted*, 2019 WL 2644216 (D.S.C. June 27, 2019)).)

4